UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:12CR258-FDW

FILED
CHARLOTTE, NC

OCT 22 2012

US DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CONSENT ORDER AND |
| ) | JUDGMENT OF FORFEITURE |
| v. ) | (PRELIMINARY) |
| ) | PENDING RULE 32.2(c)(2) |
| IGOR BORODIN, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offenses to which the defendant has pled guilty and that the defendant has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1.  The following property is forfeited to the United States pursuant to 18 U.S.C. § 2323, 28 U.S.C. § 2461(c), and/or 21 U.S.C. § 853(p), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

> **A $1,743,400 forfeiture money judgment, such amount constituting the proceeds of the offenses to which Defendant has pled guilty;**
>
> **The following specific property:**
>
>> **Approximately 99 counterfeit airbags seized during the investigation from 6833 Orr Road, Charlotte, North Carolina;**
>>
>> **Approximately 1,514 counterfeit airbags seized during the investigation from 4002 Crismark Drive, Indian Trail, North Carolina;**
>>
>> **Approximately $60,000 in United States Currency seized during the investigation from 4002 Crismark Drive, Indian Trail, North Carolina;**
>>
>> **The real property at 4002 Crismark Drive, Indian Trial, North Carolina, more particularly described in Union County Register of Deeds at Book 5581, Page 168.**

2.      The United States Marshals Service, the investigative agency, and/or the agency contractor is authorized to take possession and maintain custody of the above specific asset(s).

3.      If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture; provided, no such notice is required if this order consists solely of a money judgment.

4.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

5.      A forfeiture money judgment in the amount of $1,743,400 shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, however, that the net proceeds of the liquidation of the specific assets forfeited herein shall be credited toward satisfaction of the money judgment.

6.      The parties stipulate and agree that they may enter into and propose additional consent orders of forfeiture to this court at a later date.

7.      The U.S. Attorney's Office agrees that, if restitution remains outstanding following sentencing in this matter, the U.S. Attorney's Office will request authorization under 21 U.S.C. § 853(i) for restoration of the net proceeds of liquidation of any forfeited assets to the Court to pay outstanding restitution. However, defendant understands that the Attorney General or his designee retain final authority under Section 853(i) to grant or deny such restoration request.

The parties stipulate and agree that the aforementioned $1,743,400 money judgment constitutes or is derived from proceeds obtained directly or indirectly as a result of the offenses to which defendant pled guilty. The parties also stipulate and agree that the specific assets identified herein constitute or are derived from proceeds obtained directly or indirectly as a result of the offenses to which defendant pled guilty; were used or intended to be used in any manner or part to commit or facilitate the offenses; constitute articles, the making or trafficking of which is prohibited under Section 506 of Title 17, or Section 2318, 2319, 2319A, 2319B, 2320, or Chapter 90 of Title 18; and/or constitute substitute property. The money judgment and specific assets are therefore subject to forfeiture pursuant to 18 U.S.C. § 2323, 28 U.S.C. § 2461(c), and/or 21 U.S.C. § 853(p). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture

proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
IGOR BORODIN
Defendant

_____
CHRISTOPHER C. FIALKO, ESQ.
Attorney for the Defendant

Signed this the 22 day of October 2012.

_____
UNITED STATES Magistrate JUDGE